OPINION
{¶ 1} Appellant, Jason Barnard, appeals from the September 6, 2005 judgment entry of the Ashtabula County Court of Common Pleas, in which he was sentenced for carrying a concealed weapon and aggravated possession of methamphetamine.
 {¶ 2} On November 23, 2004, appellee, the state of Ohio, charged appellant by way of information with two counts: count one, carrying a concealed weapon, in violation of R.C.2923.12(A)(2) and (G)(1), a felony of the fourth degree; and count two, aggravated possession of methamphetamine, in violation of R.C. 2925.11(A) and (C)(1)(a), a felony of the fifth degree. Appellant entered a written plea of guilty to the charges on December 9, 2004. In an entry dated December 9, 2004, the trial court accepted appellant's guilty plea and deferred sentencing to a later date.
 {¶ 3} A sentencing hearing was held on September 2, 2005. Pursuant to its September 6, 2005 judgment entry, the trial court sentenced appellant to serve a prison term of sixteen months on count one, and eight months on count two. The trial court ordered that the sentences were to be served consecutively to each other. It is from that judgment that appellant filed a timely notice of appeal and makes the following assignments of error:
 {¶ 4} "[1.] Appellant's constitutional rights were violated when he was ordered to serve his sentence terms of incarceration consecutively.
 {¶ 5} "[2.] Appellant was sentenced to consecutive terms of imprisonment without the findings of fact that are required by the Ohio Revised Code."
 {¶ 6} In sentencing appellant, the trial court relied upon judicial fact-finding, formerly mandated by statute, but now deemed unconstitutional and void by the Supreme Court of Ohio. On that basis, appellant's assignments of error are with merit.
 {¶ 7} Appellant's sentence in this case is impacted by the recent decision of the Supreme Court of Ohio in State v.Foster, ___ Ohio St.3d ___, 2006-Ohio-856. In Foster, at paragraph three of the syllabus, the Supreme Court held that R.C.2929.14(E)(4) is unconstitutional for violating the Sixth Amendment because it deprives a defendant of the right to a jury trial, pursuant to Apprendi v. New Jersey (2000), 530 U.S. 466, and Blakely v. Washington (2004), 542 U.S. 296.
 {¶ 8} Further, pursuant to United States v. Booker (2005),543 U.S. 220, the Supreme Court's remedy was to sever the unconstitutional provisions of the Revised Code, including R.C.2929.14(E)(4). After severance, judicial factfinding is not required before imposing consecutive sentences. Foster at paragraph four of the syllabus.
 {¶ 9} Since Foster was released while this case was pending on direct review, appellant's sentence is void, must be vacated, and remanded for resentencing. Foster at ¶ 103-104. Upon remand, the trial court is no longer required to make findings or give its reasons for imposing maximum, consecutive or more than the minimum sentences. Id. at paragraph seven of the syllabus.
 {¶ 10} The judgment of the Ashtabula County Court of Common Pleas is vacated. This case is reversed and remanded for resentencing for proceedings consistent with this opinion pursuant to Foster.
Grendell, J., Rice, J., concur.